Filed 3/26/26  Ross v. U-Haul Co. of California CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| LINDSAY ROSS, | B348327 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 24AVCV01648) |
| v. | |
| U-HAUL COMPANY OF CALIFORNIA, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Stephen T. Morgan, Judge.  Appeal dismissed.

Lindsay Ross, in pro. per., for Plaintiff and Appellant.

Burger, Meyer & D'Angelo, William D. Burger, Jr., Charles T. Meyer and Kenneth S. Miller for Defendant and Respondent U-Haul Company of California.

———————————————

Plaintiff Lindsay Ross filed a lawsuit against U-Haul Company of California (U-Haul) asserting, in his first amended complaint, causes of action for breach of contract and violation of his civil rights. He alleged that U-Haul breached an equipment rental agreement with him for impermissibly discriminatory reasons.

On April 8, 2025, the trial court sustained U-Haul's demurrer to the breach of contract cause of action without leave to amend and to the civil rights cause of action with 30 days leave to amend. Ross moved for reconsideration of the order.

On May 12, 2025, Ross lodged a proposed second amended complaint with the court, asserting a new cause of action for fraud. He later moved for leave to file that complaint.

On May 19, 2025, the court denied Ross's motion for reconsideration, and on July 3, 2025, denied his motion to file the proposed second amended complaint because it did not conform with the court's order sustaining U-Haul's demurrer.

On July 9, 2025, Ross filed a notice of appeal from a "[j]udgment of dismissal after an order sustaining a demurrer," which Ross indicated had been entered on May 13, 2025. There is no such judgment. On August 26, the trial court stayed proceedings retroactive to July 9.

On September 12, 2025, the trial court entered a judgment of partial dismissal, indicating Ross's breach of contract cause of action was dismissed with prejudice. The partial dismissal stated that no judgment would be entered as to Ross's civil rights cause of action "at this time."

2

## DISCUSSION

An appealable judgment or order is generally a jurisdictional prerequisite to an appeal. (*Hedwall v. PCMV, LLC* (2018) 22 Cal.App.5th 564, 571.) Under the " ' "one final judgment" ' " rule, "an appeal cannot be taken from a judgment that fails to resolve to finality all the causes of action pending between the parties." (*Ibid*.) Nor can appeal be taken from a ruling sustaining a demurrer. (*Ibid*.) Such an order is reviewable on appeal from the final judgment in the action. (*Lopez v. Brown* (2013) 217 Cal.App.4th 1114, 1133.)

Here, there is no final, full judgment; Ross's cause of action for civil rights violations remains viable. Even though the time given for leave to amend has expired, Ross has not asked nor the trial court denied leave to file a properly tailored albeit untimely amended complaint.

Absent a final judgment, we may not hear Ross's appeal.

## DISPOSITION

The appeal is dismissed without prejudice to appellant appealing again once there is a final judgment disposing of all causes of action.  The parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

BENDIX, J.

WEINGART, J.

4